AO 91 (Rev. 02/09)  Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
District of Colorado

| | |
|---|---|
| United States of America<br>v.<br><br>Eduardo Ponce TELLEZ<br>_____<br>*Defendant* | )<br>)<br>)   Case No.  10-mj-01121-MJW<br>)<br>) |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date of  07/23/2010  in the county of   El Paso   in the   State and   District of
____Colorado____ , the defendant violated ____21____  U. S. C. §  841(a)(1), (b)(1)(D)
, an offense described as follows:

Knowingly and intentionally possess with intent to distribute a mixture or substance containing a detectable amount of marijuana in an amount less than 50 kilograms, in violation of Title 21, United States Code, Sections 841(a)(1), and (b)(1)(D).

This criminal complaint is based on these facts:

See Affidavit attached hereto and herein incorporated by reference

☑ Continued on the attached sheet.

_____
*Complainant's signature*

Special Agent/TFO Perry B. Dickinson, ICE/DEA
*Printed name and title*

Sworn to before me and signed in my presence.

Date: July 23, 2010 At 3:30pm    _____
                                                        *Judge's signature*

City and state:  Denver, Colorado          MICHAEL J. WATANABE
                                                            U.S. MAGISTRATE JUDGE
                                                            DISTRICT OF COLORADO

**AFFIDAVIT OF PERRY B. DICKINSON,**
**ICE SPECIAL AGENT/TFO,**
**DRUG ENFORCEMENT ADMINISTRATION**
**IN SUPPORT OF APPLICATION FOR ARREST WARRANT**

### AFFIDAVIT IN SUPPORT OF APPLICATION
### FOR ARREST WARRANT

Perry B. Dickinson, (hereinafter referred to as "your affiant") being duly sworn, states as follows:

1. Your affiant is a Special Agent ("SA") for Immigration and Customs Enforcement, and has been so employed since May 2009. Prior to this employment, from April 2001 until May 2009, your affiant worked for the United States Department of Homeland Security as a Border Patrol Agent. Your affiant is currently assigned as a Task Force Officer (TFO) with the Drug Enforcement Administration ("DEA"), Colorado Springs office. Your affiant has been involved in several investigations of drug trafficking and has participated in wiretap investigations. As a result, your affiant has experience in the means and methods used by persons and drug trafficking organizations to purchase, transport, store, and distribute drugs and the means and methods used to hide profits generated from those transactions. Your affiant submits this affidavit in support of an application seeking an arrest warrant for Eduardo Ponce TELLEZ.

2. Based on the information contained below, your affiant states that there is probable cause to believe that Eduardo Ponce TELLEZ, knowingly possessed with intent to distribute less than 50 kilograms of a mixture or substance containing a detectable amount of marijuana, in violation of Title 21, United

1

States Code, Sections 841(a)(1) and (b)(1)(D). Your affiant respectfully requests that an arrest warrant be issued for this offense. The basis for your affiant's conclusion is set forth below.

3. Agents from Immigration and Customs Enforcement (ICE) and DEA initiated an investigation into marijuana smuggling by Eduardo Ponce TELLEZ following the arrest of _____ in March 2010. On March 11, 2010, _____ attempted to smuggle 151.5 pounds of marijuana into the United States from the Republic of Mexico at the Santa Teresa Port of Entry, Santa Teresa, New Mexico. The marijuana was welded inside of metal boxes which were concealed inside the gas tank of _____'s vehicle, a Ford F150 pickup truck, bearing Colorado license plate number _____. A post arrest interview of _____ revealed that _____ was recruited by a man in Colorado Springs, Colorado, named Eduardo TELLEZ. TELLEZ had purchased the Ford F-150 in which _____ was smuggling the marijuana and instructed _____ to register the F-150 in his/her name. A records check of this vehicle confirmed that _____ was currently the registered owner and TELLEZ was the previously registered owner. The Ford F-150 was insured by Progressive Direct Insurance Company which listed Eduardo P. TELLEZ, as the name of the insured. _____ stated that she was to return the F150 with the marijuana in it to TELLEZ in Colorado Springs, Colorado. _____ had made this trip between Mexico and Colorado Springs, Colorado before; smuggling marijuana in the same manner. _____ identified the location of an automotive shop operated by TELLEZ at 1110 Valley Street Unit F, Colorado Springs, Colorado.

4. On June 30, 2010, at approximately 3:10 P.M., Kansas Highway Patrol Trooper Scott Walker stopped a Ford pick-up truck with Colorado license plate number 426VEW, for a traffic violation. This traffic stop occurred on westbound I-70 near milepost 262 in rural Saline County, KS. The driver, and sole occupant of the vehicle, presented a valid Colorado driver's license identifying himself as Eduardo PONCE TELLEZ. TELLEZ was also identified as the registered owner of the vehicle.

5. During the traffic stop TELLEZ told Trooper Walker that he was returning from Louisville, KY. TELLEZ advised that he had owned an automotive repair shop in Colorado Springs, CO that had failed and that he had taken his tools and equipment to store at his cousin's house. TELLEZ advised that he only knew his cousin's first name, Luis. According to TELLEZ, Luis had given him $6,000.00 as a loan on the tools. Trooper Walker issued TELLEZ a warning notice for the traffic violation and concluded the traffic stop by returning all of TELLEZ'S documents. The trooper then asked TELLEZ if he could ask him some questions. TELLEZ consented to further conversation with the trooper. During this conversation TELLEZ denied being involved in trafficking narcotics, currency or other contraband. Trooper Walker asked TELLEZ for permission to search the vehicle. TELLEZ denied the request to search the vehicle. After TELLEZ was asked for permission to search his vehicle, his level of nervousness increased dramatically.

6. Trooper Walker then asked TELLEZ to step out of the vehicle so he could conduct a canine narcotics sniff of the vehicle. The police canine, "Rocko",

alerted to the odor of narcotics coming from the vehicle. At that point, a search of the vehicle was conducted. During this search, officers discovered an automobile parts box on the back seat of the truck. The box contained a white plastic shopping bag with $17,500 in U.S. currency, rubber banded into four bundles. When asked about the money, TELLEZ stated that he had never seen the money before and had no idea who the owner of the currency was. TELLEZ stated that he had purchased the box that the currency had been found in from a garage sale in an unknown town from an unknown person. TELLEZ signed a Voluntary Disclaimer of interest and ownership for the $17,500.00.

7. Officers discovered a homemade toolbox, containing miscellaneous tools, in the bed of the truck. Officers noted a strong odor of raw marijuana coming from the toolbox. Also in the bed of the truck, officers found a spare automobile gas tank.

8. When officers looked at the gas tank on TELLEZ's vehicle, they observed obvious tampering to the vehicle's factory mounted fuel tank. Heavy tooling and rounding of the mounting bolts was also noted. Several bolts, similar in size to the fuel tank mounting bolts, were found which were also heavily tooled and rounded. Officers searched the vehicle's gas tank. No marijuana was found in the gas tank or elsewhere.

9. Agents seized $6,000 in U.S. currency that TELLEZ had on his person. TELLEZ stated this money had been loaned to him but could not give the name of the person providing the loan. TELLEZ was then released with his vehicle.

10. In July 2010, acting under the supervision of law enforcement, CS1 agreed to drive a U-haul trailer, believed to contain marijuana, from Colorado Springs, CO

      to North Carolina for TELLEZ. CS1 would be paid $2000 for the trip after he/she returned to Colorado Springs. In preparation for this travel, on July 21, 2010 CS1 drove his/her vehicle to TELLEZ's building at 1110 Valley Street, Unit F, Colorado Springs, CO, per TELLEZ's instruction. TELLEZ attached a trailer hitch to the vehicle so CS1 could pull a trailer.

11. On July 23, 2010, TELLEZ met CS1 at the CO DMV where TELLEZ gave CS1 paperwork for a utility trailer so CS1 could register the trailer in his/her name. After CS1 registered the trailer, he/she went to 1110 Valley Street, Unit F, per TELLEZ's instructions. CS1 backed his/her vehicle into open rolling door of the building. After the loaded trailer was attached to CS1's vehicle, CS1 drove away. Prior to leaving, TELLEZ advised CS1 that temperatures and moisture will affect the smell coming from the boxes loaded in the trailer.

12. After CS1 drove away from the building followed by surveillance units, CS1 stopped so agents could see the items in the trailer. Agents pulled back the tarp and found several cardboard boxes containing metal boxes which were welded closed. Agents took the boxes to a police station where they were able to use tools to pry open one of the boxes. The metal box was filled with suspected marijuana. Agents performed a field test of the suspected marijuana which tested positive for marijuana.

WHEREFORE, your affiant states that there is probable cause to believe that the defendant Eduardo Ponce TELLEZ knowingly possessed with intent to distribute less than 50 kilograms of a mixture or substance containing a detectable amount of marijuana, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(D),

and respectfully requests that an arrest warrant be issued for this offense.

I, Perry B. Dickinson, a ICE Special Agent and Task Force Officer with the DEA, being duly sworn according to law, hereby states that the facts stated in the foregoing affidavit are true and correct to the best of my knowledge, information and belief.

Dated this 23rd day of July, 2010, at Denver, Colorado.

_____
PERRY B. DICKINSON
ICE SPECIAL AGENT/TFO
DRUG ENFORCEMENT ADMINISTRATION

SUBSCRIBED and SWORN to before me this 23rd day of July, 2010 at Denver, Colorado. A +

_____
UNITED STATES MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO

MICHAEL J. WATANABE
U.S. MAGISTRATE JUDGE
DISTRICT OF COLORADO

6

|   |   |
|---|---|
| <u>DEFENDANT</u>: | Eduardo Ponce Tellez |
| <u>YOB</u>: | 1972 |
| <u>ADDRESS</u>: | Colorado Springs, Colorado |
| <u>OFFENSE</u>: | <u>Title 21, United States Code, Sections 841(a)(1), (b)(1)(D)</u>- Knowingly and intentionally possess with intent to distribute a mixture or substance containing a detectable amount of marijuana, in an amount less than 50 kilograms. |

<u>LOCATION OF OFFENSE</u>: El Paso County, Colorado Springs, Colorado
(COUNTY/CITY/STATE)

|   |   |
|---|---|
| <u>PENALTY</u>: | NMT 5 years; $250,000.00 fine, or both; NLT 2 years supervised release; $100.00 Special Assessment Fee |
| <u>AGENT</u>: | Special Agent/TFO Perry B. Dickinson<br>ICE/ DEA |
| <u>AUTHORIZED BY</u>: | KASANDRA CARLETON<br>Assistant U.S. Attorney |

<u>ESTIMATED TIME OF TRIAL</u>:

 _X_ five days or less     _____ over five days     _____ other

<u>THE GOVERNMENT</u>

 _X_ will seek detention in this case     _____ will **not** seek detention in this case

The statutory presumption of detention **is not** applicable to this defendant.

OCDETF CASE:     _____ Yes     _X_ No